

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, New Jersey 07102*

EDL/PL AGR
2016R00259

May 23, 2016

Lisa Mack, Esq.
Federal Public Defender's Office
District of New Jersey
1002 Broad Street
Newark, NJ 07102

      Re: <u>Plea Agreement with Omar Rivera</u>
            16-CR-410(CCC)

Dear Ms. Mack:

      This letter sets forth the plea agreement between your client, Omar Rivera, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on June 10, 2016 if it is not accepted in writing by that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Omar Rivera to a one-count Information that charges him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2. If Omar Rivera enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Omar Rivera for (i) possession of a firearm on or about April 20, 2016 in Union County, New Jersey; or (ii) possession or distribution of a controlled substance on or about April 20, 2016 in Union County, New Jersey. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Omar Rivera agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Omar Rivera may be commenced against him, notwithstanding the expiration of the limitations period after Omar Rivera signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which Omar Rivera agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Omar Rivera is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Omar Rivera ultimately will receive.

Further, in addition to imposing any other penalty on Omar Rivera, the sentencing judge: (1) will order Omar Rivera to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Omar Rivera to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 924(d); and (4) pursuant to 18 U.S.C. § 3583, may require Omar Rivera to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Omar Rivera be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Omar Rivera may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Omar Rivera by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and

information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Omar Rivera's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Omar Rivera agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Omar Rivera from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Omar Rivera waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Omar Rivera agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 924(d)(l) and 28 U.S.C. § 2461(c), he agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title and interest in the Imbel 45 mm caliber, model 1911 A1 semiautomatic pistol, bearing serial number WW92963, and seven rounds of 45 mm caliber ammunition recovered on or about April 20, 2016 (collectively, the "Firearm").

Omar Rivera acknowledges that the Firearm was involved or used in his knowing violation of 18 U.S.C. § 922(g)(1), and thus is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

Omar Rivera further agrees to waive all interest in the Firearm in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Omar Rivera agrees to consent to the entry of orders of forfeiture for the Firearm and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Omar Rivera understands that the forfeiture of the Firearm is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Omar Rivera hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment. Omar Rivera further waives any additional notice requirement in connection with the forfeiture and abandonment of the Firearm and consents to the destruction of the forfeited and abandoned firearm and ammunition at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

Omar Rivera understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Omar Rivera understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Omar Rivera wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Omar Rivera understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Omar Rivera waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Omar Rivera. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Omar Rivera.

No provision of this agreement shall preclude Omar Rivera from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Omar Rivera received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Omar Rivera and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: SVETLANA EISENBERG
Assistant U.S. Attorney

APPROVED:

DAVID M. ESKEW
Deputy Chief, General Crimes Unit

- 5 -

I have received this letter from my attorney, Lisa Mack, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*[signature]*         Date: 6·29·16
Omar Rivera

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*         Date: 6/29/16
Lisa Mack, Esq.

## Plea Agreement With Omar Rivera

## Schedule A

      1. This Office and Omar Rivera recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Omar Rivera nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Omar Rivera within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Omar Rivera further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

      2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case. The applicable guideline is U.S.S.G. § 2K2.1.

      3. This guideline carries a Base Offense Level of 20 because Omar Rivera committed this offense subsequent to sustaining one felony conviction of a controlled substance offense. U.S.S.G. § 2K2.1(a)(4)(A).

      4. As of the date of this letter, it is expected that Omar Rivera will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Omar Rivera's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

      5. As of the date of this letter, it is expected that Omar Rivera will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Omar Rivera's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Omar Rivera enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Omar Rivera's acceptance of responsibility has continued through the date of sentencing and Omar Rivera therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Omar Rivera's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Omar Rivera is 17 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

8. Omar Rivera knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.